```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
DANIEL AZOULAY,                                              :
                                                             :    Case No.:
                              Plaintiff,                     :
                                                             :    COMPLAINT
          -  against  -                                      :
                                                             :
RUBIN AND ROTHMAN, LLC,                                      :
                                                             :
                              Defendant.                     :
------------------------------------------------------------ X
```

DANIEL AZOULAY (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against RUBIN AND ROTHMAN, LLC, (hereinafter referred to collectively as "*Defendants*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant, is a collection agency with its principal place of business located at 1787 VETERANS HIGHWAY, ISLANDIA, NY 11749.

8. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Upon information and belief, on a date better known by Defendant, a consumer debt belonging to the Plaintiff was assigned or otherwise transferred to original counsel Kirschenbaum & Phillips, PC (hereinafter "K&P") for collection.

11. The subject debt was a CitiBank account ending in 5998.

12. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. K&P filed a lawsuit against the Plaintiff in the Civil Court of the City of New York, County of Kings, for the collection of said debt.

14. Plaintiff, via his attorney Joshua Bronstein, and K&P ultimately entered into a Stipulation of Settlement on or about October 15, 2015 in the amount of $4,500 on a monthly payment schedule of $50.00 a month. See the Stipulation of Settlement attached hereto as Exhibit 1.

15. Plaintiff paid his monthly payment as required by the Stipulation of settlement and/or as agreed upon by K&P, thereby paying down the balance owed to the original creditor.

16. However, on or about January 1, 2018 Plaintiff started receiving his monthly payments back from the K&P.

17. Plaintiff had no idea why his payments were returned, and sent back the returned payments.

18. However, after sending in his monthly payment in February of 2018, Plaintiff received his MoneyGram payment back with a letter from K&P stating that they are returning his payment as the subject account was recalled from their office by their client. See the MoneyGram dated February 20, 2018 attached hereto as Exhibit 2 and K&P's letter returning the payment attached hereto as Exhibit 3.

19. Despite Plaintiff's attempts to comply with the Stipulation for Settlement, Plaintiff was physically unable to do so and his payments were returned by K&P.

20. Thereafter, on a date better known by Defendant, this same consumer debt belonging to the Plaintiff was assigned or otherwise transferred to Defendant for collection.

21. On January 7, 2019 a representative from the Defendant called the Plaintiff in an attempt to collect the subject debt.

22. Upon speaking to the representative, Plaintiff found out that they were the new collection agency for the subject debt, but were seeking a much higher balance.

23. Plaintiff vehemently disputed the subject debt, and demanded verification as well as a return to the settlement balance.

24. On January 14, 2019 Plaintiff received a letter from Defendant stating that the account balance was $10,406.13. See letter attached hereto as Exhibit 4.

25. Despite Plaintiff's attempts to reason with the Defendant, Defendant would not recognize the Stipulation for Settlement or the balance on the correct balance on the subject account.

26. Additionally, Plaintiff was concerned why the Defendant would not be communicating with the attorney that handled the settlement for Plaintiff, and why they were harassing the Plaintiff personally about the subject debt. See court printout showing that the Plaintiff retained counsel in the original action which is attached hereto as Exhibit 5.

27. Defendant knew or should have known that the Plaintiff had retained counsel and a stipulation has already been entered for a lower balance.

28. Additionally, despite speaking to the Plaintiff on January 7, 2019, Defendant failed to comply with 15 U.S.C. § 1692g.

29. 15 U.S.C. § 1692g requires that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; 3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

30. However, Defendant failed to timely provide the notice as required by 15 U.S.C. § 1692g.

31. Additionally, Defendant's attempts to collect the debt by circumnavigating the Plaintiff's attorney and contacting the Plaintiff directly is the use of a deceptive means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

32. The mailings and phone calls were a "communication" as defined by 15 U.S.C. § 1692a(2).

33. Plaintiff was confused and distressed for many reasons, including why the Defendant would still send him communications and call him despite the fact that he had an attorney on this account, in addition to the fact that they were not honoring the previous settlement agreement, and was afraid of the lengths and dirty tactics that Defendant would use in order to collect money from him via this intimidation.

34. Even when Plaintiff attempted to discuss settlement with Defendant, all settlement sums were higher than the settlement agreement and Defendant would not agree to honor the subject agreement.

35. Plaintiff became fearful as to why the Defendant would be reaching out to Plaintiff directly and intentionally circumnavigate Federal Law prohibiting the Defendant from contacting Plaintiff directly as the Defendant had actual knowledge that the Plaintiff was represented by counsel, as well as intentionally ignoring the settlement in state court.

36. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

37. 15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt.

### Count I – Violations of the FDCPA

38. Plaintiff repeats each allegation above as if fully set forth herein.

39. Defendant's attempts to collect the debt by circumnavigating the Plaintiff's attorney and contacting the Plaintiff directly is the use of a deceptive means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

40. Defendant's attempts to collect the debt without any regard to previously entered settlement agreement is the use of false representations and a deceptive means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

41. Defendant's mailings and phone calls directly to the Plaintiff when it knew that Plaintiff had retained an attorney with respect to this debt is a prohibited communication with the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(2).

42. Defendants' conduct, as described, is a violation of 15 U.S.C. § 1692g due to its failure to provide a notice within 5 days.

43. Defendants' conduct, as described, is a violation of 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692g and 15 U.S.C. § 1692c(a)(2).

### Count II – Declaratory Judgment

44. Plaintiff repeats each allegation above as if fully set forth herein.

45. Defendant has based its collection attempts and demands upon the account without any regard to the Plaintiff's previously executed Stipulation of Settlement with Plaintiff's

predecessor counsel, which is a much larger sum than the previously agreed upon amount.

46. Plaintiff has suffered an injury in fact, and will continue to suffer an injury in fact if the Court does not issue a Declaratory Judgment requiring the Defendant to comply with the Stipulation of Settlement.

47. Although not every monthly payment was made, missed payments were not due to the fault of the Plaintiff, as the previous attorney handling this account would not accept payments and returned payments to the Plaintiff, through no fault of the Plaintiff.

48. Without ordering the Defendant to comply with the Stipulation of Settlement, the Defendant would still attempt to collect a much higher balance than what is really owed by the Plaintiff.

49. Plaintiff therefore seeks a ruling by this Court that the balance still remaining on the settlement should be calculated from the date of the Stipulation minus payments made without reverting back to the full balance.

## JURY DEMAND

50. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

b. A declaratory judgment compelling Defendant to comply with the terms of the Stipulation of Settlement previously entered between the Plaintiff and K&P with the balance based off the previous agreed upon settlement balance minus payments made; and

c. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d. Plaintiff's costs; all together with

e. Such other relief that the Court determines is just and proper.

Dated: March 14, 2019

Brooklyn, New York

       /s/ Joseph Balisok
Joseph Balisok, Esq.
251 Troy Ave
Brooklyn, NY 11213
Office (718) 928-9607
Fax (718) 534-9747
Joseph@LawBalisok.com
Attorney for Plaintiff